IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LUIS FERREIRA**, and all other persons similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>**DO & CO NEW YORK CATERING, INC, and TINO WOHLFAHRT, individually.**<br><br>    Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff LUIS FERREIRA ("FERREIRA" or "Plaintiff") on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants DO & CO NEW YORK CATERING, INC., and TINO WOHLFAHRT, individually, (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq., and the New York Labor Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –non-exempt laborers– who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), and applicable state laws of the State of New York.

1

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's NYLL claims because those claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367.

5. Venue is proper in the District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed catering duties for the Defendants in New York and based from Defendants' business located in New York, New York. Defendants are therefore within the jurisdiction and venue of this Court.

7. At all times pertinent to this Complaint, the Defendant Do & Co , is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants' own, operate, and/or manage a Foreign Business Corporation, which caters to 12 different airlines throughout the world. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and product which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

8. Plaintiff Ferreira is an adult individual who is a resident of Elmers, New York.

9. Plaintiff Ferreira was employed by Defendants full time as a warehouse worker. Plaintiff's duties included, but were not limited to, receiving deliveries, unloading trucks, stocking warehouse, and transferring merchandise to other units of Defendants.

10. Plaintiff worked for Defendants from in or about April 17, 2012, through in or about April 28, 2016.

**Corporate Defendant**

11. Upon information and belief, the Defendants own and/or maintain a company that provides catering for airlines in New York, as well as several other states, and throughout the world.

12. Upon information and belief, the Defendant Do & Co, is headquartered in New York.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant Do & Co, employs individuals to perform labor services on behalf of the Defendants. Upon information and belief, at all times relevant to this Complaint, the Defendant Do & Co's annual gross volume of sales made or business done was not less than $500,000.00.

14. At all times relevant to this Complaint, the Defendant Do & Co was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

15. Defendants exercised daily control over Plaintiff.

16. Plaintiff could not hire or fire any employees of Defendants.

17. Plaintiff did not set the rate of pay for employees of Defendants.

18. Plaintiff did not set the schedules of employees of Defendants.

19. Defendants called Plaintiff daily on his cell phone and regularly directed his work duties.

20. Defendants treated Plaintiff as an employee, and even defined him as such in documents sent to Plaintiff.

**Individual Defendant**

21. Upon information and belief, Defendant Tino Wohlfahrt is a New York state resident.

22. Upon information and belief, at all times relevant to this Complaint, individual Defendant Tino Wohlfahrt has been an owner, partner, officer and/or manager of the Defendant Do & Co.

23. Upon information and belief, at all times relevant to this Complaint, individual Defendant Tino Wohlfahrt has had power over personnel decisions at the Defendant Do & Co New York Catering, Inc., business, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

24. Defendant Tino Wohlfahrt was on the site that Plaintiff worked on a daily basis.

25. Tino Wohlfahrt directed Plaintiff on how to complete the work, what work to do on any particular day, and direct Plaintiff on his priority of the work to be completed in a day.

26. Tino Wohlfahrt would regularly call Plaintiff and direct him on when to order food products, when to set up presentations for prospective airline clients.

27. Plaintiff did not share in the profits of Defendants.

4

## **FACTS**

28. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

29. From approximately April 17, 2012, until in or about October 28, 2013, Plaintiff was paid an hourly rate of $18.00, and $27.00 for any hours over forty (40) in a workweek.

30. During the period from April 17, 2012, until October 28, 2013, Defendants required Plaintiff to clock in at the beginning of a work day, and clock out at the end of a work day.

31. After October 28, 2013, Defendants required Plaintiff to only clock in at work on a work day, however, Plaintiff was directed that he should not clock out on a work day.

32. Effective October 28, 2013, Defendants changed Plaintiff from an hourly employee to a salaried employee, despite the fact that Plaintiff's duties remained the same.

33. At that time, Defendant converted Plaintiff to a salaried "exempt" employee.

34. Plaintiff Ferreira was paid a bi-weekly salary of approximately $1,730.77.

35. Plaintiff Ferreira routinely worked five (5) days per week.

36. Plaintiff Ferreira worked between ten (10) to twelve (12) hours per day.

37. Therefore, on average Plaintiff worked approximately 70 hours per week. However, the hours differed from day to day and week day.

38. Plaintiff rarely, if ever worked, less than forty (40) hours in a workweek.

39. Plaintiff Ferreira was not paid time and one half for his hours over forty (40) in a Work week. Instead, Plaintiff was improperly paid a salary for all hours worked.

40. Upon information and belief, employees similarly situated to Plaintiff were also

5

only compensated for forty (40) hours per week, regardless of the number of hours that they worked each and every workweek.

41. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

42 At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

43. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NYLL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

44. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

45. The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

46. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

47. The additional persons who may become Plaintiffs in this action are Defendants non-exempt employees who have worked overtime hours in one or more work periods, on or after June 24, 2013, and were not properly compensated for hours worked in excess of forty (40) within a workweek.

48. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

<b><u>COUNT I<br>RECOVERY OF OVERTIME COMPENSATION<br>PURSUANT TO THE FLSA</u></b>

49. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 48 above.

50. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

51. All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

52. Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

53. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

54. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

<b><u>COUNT II<br>RECOVERY OF OVERTIME COMPENSATION<br>PURSUANT TO THE NYLL</u></b>

55. Plaintiffs re-allege, and incorporate here by reference, all allegations contained

in the paragraphs above.  Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Collective Action Complaint.

At all relevant times, Plaintiffs, and others similarly situated to Plaintiffs, were employed by the

56.     Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

57.     Plaintiffs and those similarly situated employees are covered by the NYLL.

Defendants failed to pay Plaintiffs and employees similarly situated all of the overtime wages to which they are entitled under the NYLL, Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142, who have worked overtime hours in one or more work periods, on or after June 24, 2010.

58.     Defendants have failed to pay Plaintiffs and those similarly situated employees all of their overtime compensation at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

59.     Defendants' violations of the NYLL, as described in this Collective Action Complaint, have been willful and intentional.  Due to Defendants' violations of the NYLL, Plaintiffs and similarly situated employees are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6, § 198, and pre-judgment and post-judgment interest.

## COUNT III
## RECOVERY FOR RECORD KEEPING VIOLATIONS
## PURSUANT TO THE NYLL

60.     Plaintiff re-alleges, and incorporate here by reference, all allegations contained in the paragraphs above.  Defendants have willfully failed to supply Plaintiffs and those similarly situated employees, notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiff or similarly situated employees, as their primary language, containing

Plaintiffs or employees similarly situated, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Art. 6 § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

61. Defendants have willfully failed to supply Plaintiffs and those employees similarly situated, with an accurate statement of wages as required by NYLL Art. 6 § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

62. Due to Defendants' violations of the NYLL, Plaintiffs and similarly situated employees, are entitled to recover from Defendants one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars each, as provided for by NYLL Article 6, § 198(1)-d, reasonable attorneys' fees and costs.

## JURY TRIAL

63. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiffs LUIS FERREIRA, and those similarly situated to him, who have or will become part of this collective action, demand judgment, against Defendants DO &

9

CO NEW YORK CATERING, INC, and TINO WOHLFAHRT, individually, for the payment of compensation for all hours due them and overtime hours due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: June 24, 2016					Respectfully submitted,

                                            /s/ Jodi J. Jaffe
                                           Jodi J. Jaffe, Esquire
                                           E-mail: JJaffe@JaffeGlenn.com
                                           New Jersey Bar No.: JJ8034
                                           **JAFFE GLENN LAW GROUP, P.A.**
                                           301 N. Harrison Street, Suite 9F, #306
                                           Princeton, New Jersey 08540
                                           Telephone: (201) 687-9977
                                           Facsimile: (201) 595-0308
                                           *Attorneys for Plaintiff*