```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LUIS FERREIRA, and all other persons                        :
similarly situated,                                         :
                                                            :
                              Plaintiffs,                   :
                                                            :
              -v-                                           :
                                                            :
DO & CO NEW YORK CATERING, INC.; and                        :
TINO WOHLFAHRT,                                             :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

| |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: May 22, 2017 |

16-cv-4925 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

On June 24, 2016, plaintiff Luis Ferreira filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law ("NYLL"). (ECF No. 1.) On January 31, 2017, the parties submitted their proposed settlement agreement and a joint letter supporting the fairness of the proposed settlement. (ECF No. 25.) On February 3, 2017, at the Court's direction, plaintiff's counsel filed billing and time records for this matter. (ECF Nos. 27 & 28.)

The proposed settlement is for a total of $20,000. (ECF No. 25-1.) Terms of the settlement provide that plaintiff is to receive $12,500 and that $7,500 is to be allocated to the Jaffe Glenn Law Group for attorneys' fees, costs, and expenses. (Id. at 3.) Having reviewed the settlement, the Court is satisfied that it is fair and reasonable. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). The Court therefore APPROVES the proposed settlement. The Court also

APPROVES the allocation of attorneys' fees and costs in the amount of **$6,500** with a modified top billing rate of $350/hour as described herein.

I. DISCUSSION

  A. <u>Approval of the Settlement Agreement</u>

The FLSA and its case law protects employees from being coerced into settling claims by requiring that a settlement either be supervised by the Secretary of Labor or be made pursuant to a judicially supervised settlement agreement. <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2d Cir. 2015), <u>cert. denied</u>, 136 S. Ct. 824 (2016). Before entering a judgment, "the parties must satisfy the Court that their agreement is 'fair and reasonable.'" <u>Santos v. Yellowstone Properties, Inc.</u>, No. 15 CIV. 3986 (PAE), 2016 WL 2757427, at *2 (S.D.N.Y. May 10, 2016) (quoting <u>Velasquez v. SAFI-G, Inc.</u>, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015)).

To evaluate whether a settlement meets this threshold, the Court looks to the totality of the circumstances, including:

> (1) the plaintiffs range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;" (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel," and (5) the possibility of fraud or collusion.

<u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting <u>Medley v. Am. Cancer Soc.</u>, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010) (other citations omitted)).

Factors that weigh against settlement approval "include the following: (1) 'the presence of other employees situated similarly to the claimant'; (2) 'a

2

likelihood that the claimant's circumstance will recur'; (3) 'a history of FLSA noncompliance by the same employer or others in the same industry or geographic region'; and (4) the desirability of 'a mature record' and 'a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.'" Id. (citation omitted).

Having reviewed the settlement in this case, the Court is satisfied that it is fair and reasonable. See Cheeks, 796 F.3d at 206. There are no signs of fraud or collusion, and the settlement here was the product of arms-length bargaining by experienced counsel. Both plaintiff and defendants are represented by attorneys experienced in wage-and-hour litigation.

Plaintiff faced litigation risks concerning their claims and potential recovery if they pursued their claims at trial, particularly with respect to potential "supervisor defense" raised by defendants. (See ECF No. 25 at 2.) The settlement amount plaintiff is to receive was calculated taking into account length of employment, the wages paid by defendants, the hours worked by plaintiff, and defendants' allegations of conversion by plaintiff. (Id. at 1-2.) The settlement allows both parties to avoid litigation risks, as well as the need for additional litigation expense. (Id.) None of the factors that weigh against settlement approval appear to be present in this case.

Therefore, having considered the totality of the circumstances, the Court finds that the settlement agreement is fair and reasonable.

B.    Approval of Attorneys' Fees

"Under the FLSA and the [NYLL], a prevailing plaintiff is entitled to reasonable attorneys' fees and costs." Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d 504, 506 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1)).  Attorneys' fees are intended "to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." Sand v. Greenberg, No. 08 Civ. 7840, 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010); see also Braunstein v. Eastern Photgraphic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978) (explaining that the FLSA "should be given a liberal construction" because of its "broad remedial purpose").

Attorneys' fees in FLSA settlements are subject to the Court's approval, however. See 29 U.S.C. § 216(b); Velasquez, 137 F. Supp. at 585.  Plaintiffs "bear[ ] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011).

The Court has reviewed the submissions of plaintiffs' counsel, including the attorney billing logs. (ECF No. 28-1.) The parties' joint letter in support of the settlement agreement states that $7,500 is "less than the 1/3 of total recovery typically sought." (ECF No. 25 at 3.) However, the Court notes that one-third of $20,000 is not $7,500 but rather $6,667. The Court therefore reduces the amount of recovery allocated to attorneys' fees and costs to $6,500, which represents

approximately one-third of the total recover and over 70% of plaintiff's counsel's lodestar fees as presented at ECF No. 28-1.

The Court also notes that plaintiff's counsel's records indicate that the top billing rates applied to work on this case were $450 and $400 per hour.  (ECF No. 28-1.)  The Court finds $350 per hour to be a more reasonable top billing rate for a case such as this, given the lack of significant complexity or special circumstances.  This rate falls in the middle of the range of fees for experienced employment-law litigators that courts in this District have found to be reasonable.  See Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012).

Plaintiffs' counsel's total fees and costs are approved as fair up to **$6,500**.  The Court has arrived at this number by (1) calculating one-third of the proposed recovery; (2) leaving the number of hours worked the same; (2) reducing the top billing rates of plaintiff's counsel to $350; (3) calculating the new lodestar amount as $7,408; and (4) granting approximately 82% of that lodestar amount plus fees.

II.  CONCLUSION

For the foregoing reasons, the settlement agreement (ECF No. 25-1) is approved as fair and reasonable with the modifications provided herein.

SO ORDERED.

Dated:   New York, New York
         May 22, 2017

_____
KATHERINE B. FORREST
United States District Judge

5